RCH:RWN/SMS
F. #2025R00028

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KIMBERLY OSORIO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

(18 U.S.C. §§ 1001(a)(2), 1512(c)(1), 1512(i))

No. 25-MJ-306

EASTERN DISTRICT OF NEW YORK, SS:

Joshua Ray Willis, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

COUNT ONE
(False Statements)

On or about June 10, 2025, within the Eastern District of New York and elsewhere, the defendant KIMBERLY OSORIO did knowingly and willfully make one or more materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Federal Bureau of Investigation ("FBI"), in that OSORIO falsely stated and represented to FBI special agents that she (a) had traveled alone from California to New York on or about June 10, 2025, (b) did not have in her possession any electronic devices or other property belonging to any other individuals, and (c) did not know what happened to any cellular telephones belonging to Rashad Ruhani ("Ruhani"), when in fact, as OSORIO then and there well knew and believed, she had traveled with Ruhani from California to New York on or about June 10, 2025, had in her

possession one or more electronic devices belonging to Ruhani, and was aware that one or more electronic devices belonging to Ruhani had been given to OSORIO.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## COUNT TWO
(Obstruction of Justice)

On or about and between June 10, 2025 and June 16, 2025, within the Eastern District of New York and elsewhere, the defendant KIMBERLY OSORIO, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate, and conceal one or more records, documents and other objects, to wit: (a) one or more electronic devices belonging to Ruhani, and (b) one or more video recordings of OSORIO's interaction with law enforcement on or about June 10, 2025, with the intent to impair their integrity and availability for use in an official proceeding, to wit: a Federal Grand Jury investigation and trial in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(1), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since 2020. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2. On June 2, 2025, a grand jury sitting in the Eastern District of New York returned a sealed indictment charging Ruhani and Lori Zeno ("Zeno") with wire fraud conspiracy, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; theft from federal programs, in violation of 18 U.S.C. § 666; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (collectively, the "CHARGED OFFENSES"). See United States v. Zeno, et al., 25-CR-182 (RPK), ECF No. 1. The CHARGED OFFENSES arise out of Ruhani's and Zeno's scheme to defraud a non-profit organization they were associated with and embezzle hundreds of thousands of dollars from that non-profit organization. On the same day that the grand jury returned an indictment, the Court authorized sealed arrest warrants for Ruhani and Zeno.

3. On June 2, 2025, a United States Magistrate Judge authorized warrants to search, among other things, the person of Ruhani, as well as other subjects of the investigation (the "Subjects"), and seize electronic devices in their possession, custody, or control as evidence and instrumentalities of the CHARGED OFFENSES (the "DEVICE WARRANTS"). On June 3, 2025, a United States Magistrate Judge authorized warrants to search for active location information for a cellular telephone associated with the Ruhani (the "Ruhani DEVICE"), as well as cellular telephones associated with Zeno and the Subjects (the "CSLI WARRANTS").

4. On or about June 6, 2025, the defendant KIMBERLY OSORIO and Ruhani traveled together from John F. Kennedy International Airport ("JFK") in Queens, New York, to Los Angeles International Airport ("LAX") in California. OSORIO and Ruhani had a return flight scheduled for June 10, 2025. Airline records showed that OSORIO and Ruhani were traveling together on the same reservation. Location information from the CSLI

WARRANTS showed that the Ruhani DEVICE was in the vicinity of Los Angeles between June 6, 2025, and June 10, 2025.

5. On or about June 10, 2025, the defendant KIMBERLY OSORIO and Ruhani returned together on a flight from LAX to JFK (the "Subject Flight"). The Subject Flight departed from LAX at approximately 5:53 p.m. EDT and was scheduled to arrive at JFK at approximately 11:30 p.m. EDT. Location information from the CSLI WARRANTS showed that the Ruhani DEVICE was in the vicinity of LAX immediately prior to the Subject Flight's departure. In addition, surveillance photographs taken by law enforcement at LAX prior to the departure of the Subject Flight showed OSORIO and Ruhani together, and also showed that Ruhani possessed a cellular telephone at that time, including the following photograph in which a cellular telephone is within a red box:



6. After the Subject Flight departed from LAX but before it landed at JFK, law enforcement officers executed the DEVICE WARRANTS and searched several of the Subjects, including Individual-1 and Individual-2, persons whose identity is known to your

affiant, in order to seize electronic devices in their possession, custody, and control. Based on my knowledge of the investigation, I believe Individual-1 and Individual-2 to be associates of Ruhani. At approximately 6:19 p.m., after Individual-1's device was seized and while the Subject Flight was en route to JFK, Ruhani received a phone call on the Ruhani DEVICE from another phone number associated with the child of Individual-1, and the two had a phone call for approximately one minute. Subsequently, at approximately 7:09 p.m., the Ruhani DEVICE called a cellular telephone associated with Individual-2. Ruhani and Individual-2 had a phone call for approximately five minutes 22 seconds.[2] Based on my knowledge of the investigation, I believe that through these calls, Ruhani learned that law enforcement had executed the DEVICE WARRANTS and seized electronic devices from the Subjects, including Individual-1 and Individual-2.

7. Once the Subject Flight landed at JFK, data from the CSLI WARRANTS showed that the Ruhani DEVICE was powered on and located in the vicinity of JFK. Data from the CSLI WARRANTS showed that the Ruhani DEVICE then ceased emitting location information, indicating that it may have been powered off by Ruhani.

8. Shortly thereafter, Ruhani exited the Subject Flight alone. The defendant KIMBERLY OSORIO did not exit the Subject Flight alongside Ruhani, even though the two were sitting in adjoining seats. Upon exiting the Subject Flight, Ruhani was taken into custody and searched by law enforcement agents. The search revealed that Ruhani no longer possessed the Ruhani DEVICE or any other electronic device, despite law enforcement agents observing

---

[2] Based on my experience and research, I know that JetBlue offers free unlimited WiFi to customers while they are in-flight. Thus, I believe that although Ruhani was on the Subject Flight at the time he received and made these calls, he was still able to communicate through the Ruhani DEVICE via WiFi.

him with such a device in LAX prior to the departure of the Subject Flight. Two cell phone chargers were found inside of a bag that Ruhani was carrying. Based on my training and experience, and knowledge of the investigation, I believe that Ruhani provided one or more electronic devices to OSORIO prior to exiting the Subject Flight, and that OSORIO exited separately from Ruhani in order to distance herself from potential scrutiny by law enforcement.

9. Surveillance footage revealed that, once law enforcement officers apprehended Ruhani, the defendant KIMBERLY OSORIO exited the Subject Flight and waited in front of another gate for approximately ten minutes. Thereafter, OSORIO attempted to exit JFK.

10. As the defendant KIMBERLY OSORIO attempted to exit JFK, she was confronted by an FBI special agent, who identified himself to her. During this encounter, OSORIO took out her cellular telephone and claimed to be recording her interaction with the FBI special agent. During questioning, OSORIO stated that she was not traveling with anyone else and that all of the electronic devices in her possession were her own devices. OSORIO then exited JFK.

11. On or about the following day, June 11, 2025, at the United States District Court for the Eastern District of New York, the defendant KIMBERLY OSORIO attended the arraignment for Ruhani for the CHARGED OFFENSES. Before the arraignment, OSORIO engaged in a voluntary interview with law enforcement, including another FBI special agent. During that interview, OSORIO admitted that she had traveled from Los Angeles to New York with Ruhani the prior evening. OSORIO claimed that she was not present when Ruhani was arrested, did not take possession of any of his property, did not take possession of the

Ruhani DEVICE, and did not know what happened to the Ruhani DEVICE. OSORIO also stated that she believed Ruhani had lost the Ruhani DEVICE.

12. Following the voluntary interview on or about June 11, 2025, the defendant KIMBERLY OSORIO was served with a grand jury subpoena to produce any electronic devices in her possession, custody, or control belonging to Ruhani. To date, defendant OSORIO has not provided any responsive materials.

13. On or about June 12, 2025, at approximately 1:02 p.m., the defendant KIMBERLY OSORIO engaged in a recorded telephone call with Ruhani, who was incarcerated at the Metropolitan Detention Center ("MDC"). During the call, Ruhani asked, in sum and substance, for OSORIO to contact an individual ("Individual-3") on Ruhani's behalf. Ruhani told OSORIO to "go to the phone that you have" to look up the phone number for Individual-3. Based on my knowledge of the investigation, I believe this to be a reference to the Ruhani DEVICE.

14. On or about June 12, 2025, at approximately 5:29 p.m., the defendant KIMBERLY OSORIO engaged in another recorded telephone call with Ruhani at the MDC. During the call, Ruhani asked, in sum and substance, whether OSORIO had been able to speak with Individual-3. OSORIO confirmed that she had been able to obtain the telephone number for Individual-3.

15. On or about June 14, 2025, a second grand jury subpoena was served on the defendant KIMBERLY OSORIO through her counsel. The second subpoena required OSORIO to produce all cellphone photographs and videos from her interaction with law enforcement at JFK on or about June 10-11, 2025. As noted previously, OSORIO appeared to record her interaction with an FBI special agent at JFK on or about June 10, 2025. The

subpoena had a return date of Monday, June 16, 2025, and also sought her testimony before the grand jury on Monday, June 16, 2025. To date, defendant OSORIO has not produced any records responsive to this subpoena.

16. On or about June 18, 2025, at approximately 8:11 p.m., the defendant KIMBERLY OSORIO engaged in another recorded telephone call with Ruhani at the MDC. During the call, OSORIO told Ruhani that, "when I left that night," OSORIO had met with another associate of Ruhani and that "he took one of your, and I took one," without finishing the sentence for what specifically was taken. She also stated "he didn't know I had the other one. He wanted all of your stuff." I believe that in these statements, defendant OSORIO was indicating to Ruhani that she had given one of Ruhani's phones to one of Ruhani's associates.

17. On or about July 2, 2025, law enforcement agents executed a search warrant at the residence of the defendant KIMBERLY OSORIO. During the search, agents did not locate cellular telephones that belonged to Ruhani, but did locate a hand-written document which appears to have been prepared by OSORIO (the "Subject Note"), an excerpt of which is included below. Among other things, the Subject Note provides on the bottom (highlighted in a red box below) that on "Monday" the author would "present to grand jury." I believe that based on that statement and the contents of the Subject Note, defendant OSORIO prepared the Subject Note in advance of her scheduled appearance before the grand jury on Monday, June 16, 2025:

9



18. In the Subject Note, the defendant KIMBERLY OSORIO appears to have memorialized her consideration of specious arguments to deny lying to the FBI agent at JFK airport when she stated, in sum and substance, that she did not have Ruhani's electronic devices in her possession. Specifically, the Subject Note provides (highlighted in a purple box above) "not lying" and "gift if I give you." I believe that in these statements, OSORIO memorialized her consideration of the argument that Ruhani gave her his cellular telephones *as a gift* while on

the Subject Flight, and therefore OSORIO did not lie to the FBI agent at JFK when she told the agent that she did not have Ruhani's devices—because as of that moment, they now belonged to *her* as a *gift*, and not to Ruhani.

19. The Subject Note also makes numerous references to a video recording of the defendant KIMBERLY OSORIO's interactions with the FBI agent at JFK (highlighted in an orange box above), as well as OSORIO's consideration of whether to edit the video to destroy evidence that she lied to law enforcement. Among other things, the Subject Note provides, "nobody knows when video cut off," "nobody knows when you stopped recording," "video edit," and "video b4 - it got to that." I believe that in these statements, OSORIO was memorializing arguments that she could make to falsely deny that she had recorded her misstatements to the FBI agent at JFK and steps she could take, including editing the video, to remove the portion of that video recording containing her misstatements to the FBI special agent. In addition, these statements further confirm that defendant OSORIO continued to possess a video of her interaction with law enforcement but did not produce that video recording in response to the grand jury subpoena on June 16, 2025, or at any point thereafter.

WHEREFORE, your deponent respectfully requests that the defendant KIMBERLY OSORIO be dealt with according to law.

/s/ Joshua Ray Willis
Joshua Ray Willis
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone this
20th day of October, 2025

*James R. Cho*
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK